# Jesse Romaine, plaintiff in error, *vs.* The Board of Commissioners of Muscatine county, defendants in error.

### *Error to Muscatine.*

A joinder in error, has the same effect on a motion to dismiss, as the filing of a plea in the court below ; it waives all irregularity in the mode by which the defendant in error has been brought into court.

The mere certificate of a person, not a sworn officer, is not a sufficient return to a summons ; and if it was a service by copy, the return should state that it was left at the defendant's residence.

In the absence of any statute as to the service of a writ, it must be upon the person of of the defendant. And where the statute provides a substitute, the mode prescribed by it, must be complied with.

A judgment by default, or its equivalent, must be taken, before a jury can be empannelled to assess the damages.

This was an action of trespass brought by the board of commissioners of the county of Muscatine, trustees of a school section, against Jesse Romaine.

Upon the summons issued and returned in this case, there was the following :

" I hereby authorize George Hunt to serve the within summons according to law, for and at my risk.

" JAMES DAVIS, Sheriff, M.

" September 28th, 1840."

" As per authority of James Davis, Sheriff of Muscatine county, I served the within, on the 26th day of September, by informing him, defendant, that I had a writ for him, he, the defendant, immediately fled from my presence, I then left a copy of the within, in the care of Benjamin Brooks, he being a man person over the age of fifteen years, and said Brook's house being defendants usual place of residence.

" G. W. HUNT.

" Returned October 14, 1840."

The defendant moved to quash the summons,
1. Because it was not served upon the defendant according to law.

2. That there had been no service upon the defendant by an officer of that court or any other person legally authorized.

Which motion was overruled.

Thereupon came a jury to enquire into, and assess the damages, and a verdict and judgment was rendered for the plaintiff, for $68,90.

To reverse this judgment, the defendants below sued out their writ of error.

Errors assigned :

1. The original writ in this case was not served upon the defendant by the sheriff or any person legally authorized to serve the same, in which there is error.

2. The court overruled defendant's motion to quash the summons for reasons therein set forth.

3. The court proceeded to hear and try the case by a jury without an issue.

4. There was no judgment by default taken, and the court ordered a jury to enquire into and assess the damages.

5. The person who pretends to have served the process, did not sign the sheriff's name and did not serve the same in his name.

S. C. HASTINGS, for plaintiff in error.

" And now comes the board of commissioners of Muscatine county and say that in the record and proceedings aforesaid, there is not error, and ask that the judgment aforesaid may be affirmed.

" R. P. LOWE, for defendant in error."

Afterwards the defendants in error moved the court to strike this cause from the docket, because it had not been brought into this court by either of the methods directed by law, and that for that reason the court cannot entertain jurisdiction of the same.

BY THE COURT, JUDGE MASON.—A motion is made to strike this case from the docket, because it has not been brought up by either of the methods directed by law. The defendants in error have however, appeared, and it is now too late to raise the objection. A joinder in error in this court, has in this respect, the same effect as the filing of a plea in the District Court. It waives all irregularity in the mode by which the defendants in error have been brought into court. Motion overruled.

PER CURIAM, MASON, CHIEF JUSTICE.—The service of the summons in this case was clearly defective, and there was no appearance to cure that defect. The return is dated October 14, 1840. We cannot find that at that date there was any other than a personal service provided for. On the 31st of December following, a law was passed authorizing a service by copy where the defendant cannot be found, but the return in this case was wholly irregular under that law.

In the first place the certificate of a person, not a sworn officer, is not a sufficient return, secondly, it does not appear to have been left at the place of residence of the defendant, but merely with Benjamin Brooks, and thirdly, the contents of the writ do not appear to have been stated to said Brooks. In the absence of any statute on the subject, service must be personal. Where the statute provides a substitute, the terms and conditions of that substitute must be complied with.

Again there was an irregularity in empannelling a jury to assess damages without a default (or its equivalent) being first taken. For either of these errors we think the judgment below should be set aside, and the case remanded for further proceedings; which is accordingly done.